UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| ROBERT SCAIFE; and DIANE SCAIFE, Husband and Wife; and ROBERT SCAIFE, III,  :  :  :  Plaintiffs,  :  :  v.  :  :  CSX TRANSPORTATION, INC.,  :  :  Defendant.  : | Civil Action No. 3:19-cv-00060-KRG  Removed from the Court of Common Pleas of Bedford County, Pennsylvania |

### BRIEF IN OPPOSITION TO MOTION TO REMAND

AND NOW, here comes Defendant CSX Transportation, Inc. ("CSXT"), by and through its attorneys and respectfully submits its Brief in Opposition to Plaintiffs' Motion to Remand as follows:

### I. INTRODUCTION

Plaintiffs Robert Scaife, Diane Scaife, and Robert Scaife, III filed a Complaint against CSXT in the Court of Common Pleas of Bedford County, Pennsylvania, Docket No. 323-2019. This matter was removed to this Court on diversity grounds because there is complete diversity among the parties, and a reasonable reading of the Complaint establishes that the amount in controversy exceeds the jurisdictional limit. Plaintiffs seek to remand this matter by challenging only the amount in controversy. Plaintiffs' challenge, however, is fundamentally flawed and, therefore, fails.

Plaintiffs' Motion to Remand is based on two core misconceptions, that: (1) the limitation of damages below the compulsory arbitration threshold for Bedford County controls the amount

in controversy; and (2) CSXT can avoid that ceiling only if it proves to a legal certainty that Plaintiffs can obtain an award in excess of $75,000.00. Plaintiffs' position is not supported by Third Circuit jurisprudence. Indeed, the law of the Third Circuit is clear that a plaintiff cannot avoid federal jurisdiction by capping his damages demand to comply with state court arbitration limits. Rather, the amount in controversy is calculated through a reasonable reading of the claimed damages, coupled with the causes of action alleged. The law is equally clear that if this calculation results in an amount in controversy in excess of $75,000.00, it is the burden of the party challenging federal jurisdiction – here Plaintiffs – to establish to a legal certainty that the amount in controversy is not met.

With that legal backdrop, it is clear that federal jurisdiction exists in the instant case. Plaintiffs allege severe injuries, substantial pain, suffering and mental anguish and substantial medical expenses. Additionally, Plaintiffs seek punitive damages, as well as costs, fees and interest. Under Third Circuit jurisprudence, a request for punitive damages will generally satisfy the amount in controversy requirement. Thus, the "value" of Plaintiffs' claims for purposes of federal jurisdiction is in excess of the jurisdictional limit of $75,000.00. Indeed, despite purporting to challenge that fact, Plaintiffs never -- neither in their Complaint nor in their Motion -- explicitly seek to limit their recovery to an amount below the federal diversity jurisdictional limit. Accordingly, since there is complete diversity among the parties and the amount in controversy requirement is met, this Court has jurisdiction over Plaintiffs' claims and remand would be improper.

## II. ARGUMENT

### A. Standard of Review

An action may be removed if the federal court has subject matter jurisdiction. 28 U.S.C.

§1441(a). Federal courts have jurisdiction where complete diversity exists and where the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332(a). Remand is appropriate only if a federal court does not have subject matter jurisdiction. 28 U.S.C. §1447(c). Thus, to succeed on a motion to remand a matter that was removed pursuant to 28 U.S.C. §1332(a), it must be shown that either complete diversity does not exist or that the amount in controversy does not exceed $75,000.00. Where, as here, a plaintiff does not specifically aver in the complaint that the amount sought is less than the jurisdictional minimum, remand is appropriate *only* "if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Shah v. Hyatt Corp.,* 425 Fed. Appx. 121, 124 (3d Cir. Apr. 27, 2011) (unpublished) (citing *Fredrico v. Home Depot,* 507 F.3d 188, 196-97 (3d Cir. 2007)).

### B. Diversity Jurisdiction Exists.

There is no dispute that there is complete diversity among the parties. Indeed, Plaintiffs do not challenge the diversity of the parties, so CSXT will not address that issue here. *See,* Pl.'s Mot. at ¶¶ 5, 6.

### C. Plaintiffs Fail To Demonstrate That They Cannot Recover The Jurisdictional Amount.

Plaintiffs do, however, challenge whether the amount in controversy is met. Specifically, Plaintiffs contend that CSXT "must show, to a legal certainty, that the amount in controversy exceeds the [$75,000] statutory threshold" and argue that CSXT cannot meet that standard because Plaintiffs requested unliquidated damages "in an amount within the jurisdictional limits of a Board of Arbitrators of the [Bedford County Court of Common Pleas]. (Motion ¶¶ 8, 13, 16).

Plaintiffs' position is contrary to controlling Third Circuit jurisprudence. Plaintiffs concede that the $25,000.00 "limit" set forth in their Complaint is an arbitrary amount intended to require

3

placement of this matter into Bedford County's compulsory arbitration program. *See* (Motion ¶ 10 (Noting that Bedford County Local Rule of Civil Procedure 1301 provides that claims identified as under $25,000.00 are placed into compulsory arbitration). The law is clear that an *ad damnum* clause setting forth damages ceiling for the purpose of seeking arbitration under the state court mandatory arbitration limits does not control federal jurisdiction. *See, Wilson v. Walker*, 790 F.Supp.2d 406, 409 (E.D. Pa. 2011) (denying plaintiff's motion to remand because state law permits plaintiff to recover damages in excess of $50,000.00 despite the *ad damnum* clause plaintiff included in his complaint); *Valley v. State Farm Fire & Cas. Co.,* 504 F.Supp.2d 1, 6 (E.D. Pa. 2006) (holding that compulsory arbitration limit does not act as a limit on the amount in controversy and declining "to remand this action merely because it has been designated for arbitration in state court"); *Bryant v. Ferguson Enter., Inc.,* 2002 WL 1067459 at *1 (E.D. Pa. May 29, 2002) ("The amount in controversy in the case of an unliquidated damages claim is measured by 'a reasonable reading of the value of the rights being litigated.'") (*citing*, *Angus,* 989 F.2d at 146)

As the *Wilson* Court explained, Pennsylvania's statutes and local rules dictate that claims identified as below a certain amount must go through the mandatory arbitration process. *Wilson*, *supra* at 409. Thus, plaintiffs, and their counsel, often set an arbitrary purported "ceiling" or "floor" on the amount of unliquidated damages sought for sole purpose of seeking, or seeking to avoid, mandatory arbitration. Pennsylvania courts have made clear, however, that an unliquidated damages ceiling associated with mandatory arbitration limits is not to be construed as creating a cap on available damages. *Id.* Thus, even if a plaintiff specifically states that his or her damages do not exceed a certain unliquidated sum for purposes of the arbitration limits, that plaintiff may seek damages in excess of that amount following arbitration. *Id.* Accordingly, the *Wilson* Court

concluded that plaintiff's demand for judgment "in a sum not in excess of fifty thousand dollars in order to make the matter subject to compulsory arbitration" did not control the amount in controversy for purposes of federal jurisdiction. *Id.* at 406

Like the plaintiff in *Wilson*, Plaintiffs set forth damages ceiling "not to exceed" $25,000.00 for the sole purpose of complying with Bedford County's mandatory arbitration limits. (Motion ¶¶ 8, 9.) Thus, Plaintiffs' demand for damages "not to exceed" $25,000.00 does not control the amount in controversy for purposes of federal jurisdiction. Rather, a reasonable reading of the Complaint -- including an analysis of the damages sought compared against the claims alleged -- is required to determine the amount in controversy. *See*, *Angus,* 989 F.2d at 146 (amount in controversy should be determined from the complaint, and "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.").

Here, each of the Plaintiffs allege severe injuries, substantial pain, suffering and mental anguish and substantial medical expenses.  Plaintiff Robert Scaife seeks damages resulting from various injuries that "may be permanent in nature" including, but not limited to "chemical burns in his throat", severe injuries to his throat, esophagus, and respiratory system, "headaches and nausea", "migraines", "insomnia" and "severe physical pain, shock suffering, mental anguish, embarrassment and humiliation."  Compl. at ¶ 42.  Plaintiff Robert Scaife also seeks damages for "substantial pain and suffering", "substantial medical expenses" and past and future "loss of earnings and/or earning capacity." *Id.* at ¶ 43.

Plaintiff Diane Scaife seeks damages *in excess of the arbitration limits* for various injuries that "may be permanent in nature" including, but not limited to acute sinusitis, severe injuries to her sinuses, nasal passages, face, and throat and "severe physical pain, shock suffering, mental anguish, embarrassment and humiliation."  *Id.* at ¶ 45.  Mrs. Scaife seeks recovery of damages for

5

"substantial pain and suffering" and "substantial medical expenses". *Id.* at ¶ 46.

Plaintiff Robert Scaife, III seeks damages resulting from various injuries that "may be permanent in nature" including, but not limited to acute sinusitis, severe injuries to his sinuses, nasal passages, face, and throat and "severe physical pain, shock suffering, mental anguish, embarrassment and humiliation." *Id.* at ¶ 56.  Robert Scaife, III also seeks recovery of damages for "substantial pain and suffering" and "substantial medical expenses". *Id.* at ¶ 57.

In addition to seeking damages for severe injuries, substantial pain, suffering and mental anguish and substantial medical expenses, Plaintiffs also seek punitive damages. In order to determine the amount in controversy, the amount of punitive damages should be included unless the claim for punitive damages is "patently fruitless and without foundation." *Golden v. Golden*, 382 F.3d 348 (3d Cir. 2004); *see also Kimmell v. DeGasperi*, 2000 WL 420639 at *2 (E.D. Pa. 2000) (finding that courts include punitive damages and treble damages as part of the amount in controversy).  Pennsylvania law permits the recovery of punitive damages for "torts that are committed willfully, maliciously, or so carelessly as to indicate wanton disregard for the rights of the party injured." *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004) *abrogated on other grounds in, Three Keys Ltd. V. SR Utility Holding Co*, 540 F.3d 220, 227 (3d Cir. 2008). Instantly, Plaintiffs allege that their injuries and damages resulted from "the negligent, careless, reckless, willful, wanton and/or outrageous conduct and/or inactions of Defendant CSX". *See*, Compl. at ¶ 40.

Under Third Circuit precedent, "[a] request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Golden ex rel. Golden v. Golden*, 382 F.3d at 355; *see also*, *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1948) (both actual

and punitive damages are included in calculating the amount in controversy). While CSXT does not believe punitive damages are appropriate in this case, there is no statutory cap on punitive damages in Pennsylvania. Further, while there is no "bright line" mathematical test to determine the propriety of a punitive damages award, the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), stated that "in practice few awards exceeding a single-digit ratio will satisfy due process." *Campbell*, 538 U.S. at 425. Under *Campbell*, therefore, it is conceivable that an award of punitive damages up to nine (9) times the amount of compensatory damages awarded may comply with the due process requirements.

A conservative calculation of the amount of punitive damages in controversy in this case results in a sum greater than the statutory minimum. Specifically, even estimating each Plaintiff's actual damages as low as $7,501 (not including fees, costs and interest), a single digit multiplier of nine (9) would put Plaintiffs claim over the $75,000 jurisdictional threshold. ($7,501 + $67,509 = $75,010).

However, Plaintiffs here also seek fees, costs and interest. Where attorneys' fees, interest, and costs are allowable, they should also be considered in calculating the amount in controversy. *See, e.g. Hatchigan v. State Farm Ins. Co.*, 2013 WL 3479436 at *2 (E.D. Pa. July 11, 2013).

If Plaintiffs do not agree that the amount in controversy is in excess of $75,000.00, the Third Circuit obligates *them* to establish to a legal certainty that they cannot obtain those sums. *See, e.g., Frederico v. Home* Depot, 507 F.3d 188, 195 (3d Cir. 2007). As the Third Circuit explained:

> Under *Red Cab,* a case must be dismissed or remanded if it appears to a legal certainty that plaintiff *cannot* recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty that plaintiff can recover $75,000 -- a substantially different standard.

7

> …
>
> [B]y contrast, ... where the plaintiff expressly limits her claim below the jurisdictional amount as a precise statement in the complaint, ..., the *proponent* of the federal subject matter jurisdiction is held to a higher burden; that is, the proponent of jurisdiction must show, to a legal certainty, that the amount in controversy *exceeds* the statutory threshold.

*Id.* at 195-96 (*citing*, *Valley v. State Farm Fire and Cas. Co.,* 504 F. Supp. 2d 1, 304 (E.D. Pa. 2006)) (emphasis in original).

Instantly, Plaintiffs do not expressly allege in their Complaint that their damages are below $75,000.01 or otherwise below the jurisdictional limit for the amount in controversy. Rather, as discussed above, Plaintiffs purportedly limited their damages demand for the sole purpose of entering into the mandatory arbitration process. As set forth above, courts in this Circuit distinguish between the two types of damages limitations (*i.e.* those made to expressly avoid federal jurisdiction and those made to comply with mandatory arbitration limits), and hold that limitations placed on unliquidated damages demands for the purpose of complying with mandatory arbitration limits do not control the amount in controversy. *See, e.g., Wilson*, 790 F.Supp.2d at 406, 409.  Because such a limitation does not "expressly limit[ the] ... claim below the jurisdictional amount as a precise statement in the complaint," the party challenging federal jurisdiction retains the burden of proving to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *Frederico,* 507 F.3d at 196.

Thus, if Plaintiffs desire a remand, it is their responsibility to establish with legal certainty that they cannot obtain relief in excess of the jurisdictional limit. Plaintiffs, however, have not made any effort to do so.  In fact, although the allegations in their Complaint control jurisdiction, *see, e.g., Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002) ("A district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the

time the petition for removal was filed.'" (*quoting*, *Steel Valley Auth. v. Union Switch Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)), Plaintiffs have not even attempted to expressly limit their damages to under $75,000.00 in their Motion. That is because, as set forth above, it is clear that relief in excess of that amount would be available to Plaintiffs. Thus, the amount in controversy is met and federal diversity jurisdiction exists.

      **D.**      **CSXT, Not Plaintiffs, Is Entitled to Costs and Attorney Fees Associated with Responding to the Motion to Remand.**

Plaintiffs request for costs, expenses and attorney fees pursuant to 28 U.S.C.A. § 1447(c) is not warranted. The removal statute provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

However, the United States Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, CSXT clearly had an objectively reasonable basis for seeking removal. Removal was appropriate, as this Court has jurisdiction over this matter based upon diversity jurisdiction, as is discussed at length above. Where the matter was reasonably removed to federal court, Plaintiffs are not entitled to fees and costs incurred in responding to the removal. To the contrary, CSXT respectfully suggests that it is entitled to an award of its costs incurred in responding to Plaintiffs' specious and baseless Motion to Remand.

### III. CONCLUSION

For the foregoing reasons, Defendant CSXT respectfully requests that the Court deny Plaintiffs' Motion to Remand and request for costs, expenses and attorney fees.

May 28, 2019                                   Respectfully submitted,

                                            BURNS WHITE LLC

                                            By: */s/ Edwin B. Palmer*
                                                T.H. Lyda, Esq.
                                                Pa. I.D. No. 75629
                                                Edwin B. Palmer, Esq.
                                                Pa. I.D. No. 80110

                                                Burns White Center
                                                48 26th Street
                                                Pittsburgh, PA 15222
                                                (412) 995-3000
                                                thlyda@burnswhite.com
                                                ebpalmer@burnswhite.com

                                            CROWELL & MORING LLP

                                            By: */s/ Scott L. Winkelman*
                                                Scott L. Winkelman, Esq.
                                                Carolyn W. Wagner, Esq.
                                                Pro hac vice admission pending

                                                1001 Pennsylvania Avenue, N.W.
                                                Washington, D.C. 20004
                                                (202) 624-2500
                                                swinkelman@crowell.com
                                                cwagner@crowell.com

                                                Attorneys for Defendant
                                                CSX Transportation, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Brief in Opposition to Motion to Remand has been furnished to the following recipients by the Court's electronic filing system, this 28th day of May 2019:

>Bryan S. Neiderhiser, Esq.
>Russell J. Bopp, Esq.
>MARCUS & MACK, P.C.
>57 South Sixth St., P.O. Box 1107
>Indiana, PA 15701
>
>(Counsel for Plaintiff)

>Respectfully submitted,
>
>BURNS WHITE LLC
>
>
>By: */s/ Edwin B. Palmer*
>   T.H. Lyda, Esq.
>   Pa. I.D. No. 75629
>   Edwin B. Palmer, Esq.
>   Pa. I.D. No. 80110
>
>   Burns White Center
>   48 26th Street
>   Pittsburgh, PA 15222
>   (412) 995-3000
>   thlyda@burnswhite.com
>   ebpalmer@burnswhite.com