IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT SCAIFE, *husband*, DIANE SCAIFE, *wife*, ROBERT SCAIFE, III, | ) ) ) | Case No. 3:19-cv-60 |
|---|---|---|
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| CSX TRANSPORTATION, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

I. **Introduction**

Before the Court is Plaintiffs Robert Scaife, Diane Scaife, and Robert Scaife, III's (collectively, "Plaintiffs") Motion to Remand. (ECF No. 9.) This Motion has been fully briefed and is ripe for disposition. (*See* ECF Nos. 10, 13, 16.)

For the reasons that follow, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**.

II. **Venue**[1]

Because this action was originally filed in the Court of Common Pleas of Bedford County, Pennsylvania, venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a). *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (explaining that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending").

---

[1] Subject-matter jurisdiction is disputed and will be discussed below.

### III.  Background[2]

On March 19, 2019, Plaintiffs filed a Complaint in Civil Action in the Court of Common Pleas of Bedford County, Pennsylvania (the "Common Pleas Court"). (*See* ECF No. 1-2.) Plaintiffs bring negligence and loss-of-consortium claims against Defendant CSX Transportation, Inc. ("Defendant") based on a train derailment that allegedly injured Plaintiffs. (*See id.*) Plaintiffs seek damages for medical expenses, pain and suffering, loss of earnings/earning capacity, and emotional harm, as well as punitive damages. (*Id.* at 16-20.) Plaintiffs Robert Scaife and Robert Scaife, III, demand damages "in an amount within the jurisdictional limits of a Board of Arbitrators of [the Common Pleas Court]." (*Id.*) Plaintiff Diane Scaife demands damages within the same jurisdictional limits for her loss-of-consortium claim, but demands damages "in an amount in excess of the jurisdictional limits of a Board of Arbitrators of [the Common Pleas Court]" for her negligence claim. (*Id.* at 17, 19.)

On April 15, 2019, Defendant timely filed a Notice of Removal, removing Plaintiffs' action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (*See* ECF No. 1.) Defendant alleges that removal is proper based on 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount-in-controversy requirement is met. (*Id.* ¶¶ 12-33.) Defendant claims that because Plaintiffs allege severe injuries and seek punitive damages, Defendant has sustained its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. (*Id.* ¶¶ 27-33.)

Plaintiffs filed the pending Motion to Remand and Brief in Support on May 8, 2019. (ECF

---

[2] The factual allegations in this Background are taken from Plaintiffs' Complaint in Civil Action. (ECF No. 1-2.)

2

Nos. 9, 10.) Plaintiffs do not dispute that they are completely diverse from Defendant. (ECF No. 9 ¶¶ 5-6.) However, they assert that the amount-in-controversy requirement for federal diversity jurisdiction is not met. (*Id.* ¶ 7; ECF No. 10 at 3-7.)

Plaintiffs explain that they seek damages "in an amount within the jurisdictional limits of a Board of Arbitrators of [the Common Pleas Court]." (ECF No. 9 ¶¶ 8-9; ECF No. 10 at 5.) The Common Pleas Court's local rules state that when the amount in controversy is $25,000 or less, the case will be submitted to and decided by a Board of Arbitrators. (ECF No. 9 ¶ 10; ECF No. 10 at 2, 5.) Because Plaintiffs refer to the Common Pleas Court's compulsory-arbitration limit, Plaintiffs claim that they each seek damages below $25,000. Plaintiffs argue that by limiting their claimed damages below the federal jurisdictional threshold, the burden is on Defendant to show to a legal certainty that the amount in controversy exceeds $75,000. (ECF No. 9 ¶¶ 12-13; ECF No. 10 at 3-5; ECF No. 16 at 2.) Plaintiffs assert that Defendant failed to meet this burden. (ECF No. 10 at 1, 5.)

Plaintiffs disagree with the preponderance-of-the-evidence standard on which Defendant relies to establish the amount in controversy. (ECF No. 9 ¶¶ 14-16; ECF No. 10 at 1, 5-6.) Further, Plaintiffs argue that even if the preponderance-of-the-evidence standard applies, Defendant improperly relies on "pure speculation, inferences, and assumptions about the amount in controversy to meet the lower preponderance standard." (ECF No. 9 ¶ 17; ECF No. 10 at 6.)

Moreover, according to Plaintiffs, they stated in their Complaint that their claims do not exceed the compulsory-arbitration limit because Pennsylvania law requires a plaintiff to state whether the amount of damages claimed exceeds the jurisdictional amount requiring arbitration referral. (ECF No. 10 at 7.) Therefore, Plaintiffs claim that they did not err in limiting punitive

3

damages to below the arbitration limit because Pennsylvania law requires such a limitation. (*Id.*)

Finally, Plaintiffs argue that removal statutes must be strictly construed against removal and doubts must be resolved in favor of remand. (*Id.*)

Plaintiffs request that the Court grant Plaintiffs costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c). (*Id.* at 1.)

Defendant filed its Brief in Opposition on May 28, 2019. (ECF No. 13.) In its Brief, Defendant claims that the amount in controversy is calculated through a reasonable reading of the complaint. (*Id.* at 2, 5.) If this reasonable reading reveals that the amount in controversy exceeds $75,000, the party challenging federal jurisdiction has the burden of establishing to a legal certainty that the amount-in-controversy requirement is not met. (*Id.* at 2.) Here, because Plaintiffs allege severe injuries, pain, suffering, and mental anguish, and significant medical expenses, as well as seeking punitive damages, attorney's fees, interest, and costs, a reasonable reading of the Complaint shows that the amount-in-controversy requirement is met. (*Id.* at 2, 5-7.) Thus, the burden is on Plaintiffs to establish to a legal certainty[3] that the amount-in-controversy requirement is not met, which Defendant claims Plaintiffs have not done. (*Id.* at 7-9.)

Further, Defendant argues that a plaintiff cannot avoid federal jurisdiction by capping his damages to meet state-court arbitration limits because he can seek damages in excess of his cap following arbitration. (*Id.* at 2, 4, 8.)

Defendant also asserts that Plaintiffs are not entitled to costs and attorney's fees incurred

---

[3] In its Notice of Removal, Defendant relies on a preponderance-of-the-evidence standard instead of a legal-certainty standard. (*See* ECF No. 1 ¶¶ 25, 33.) The Court will discuss both standards below.

4

as a result of removal because Defendant had an objectively reasonable basis for seeking removal. (*Id.* at 9.)

On June 6, 2019, Plaintiffs filed a Reply Brief in order to clarify that their Complaint expressly limits their recovery to an amount below the federal jurisdictional threshold by incorporating the $25,000 Common Pleas Court arbitration limit. (ECF No. 16 at 1.) Plaintiffs attached a Declaration stating that the damages sought in the Complaint for each Plaintiff are limited to an amount less than $75,000. (*Id.*; ECF No. 16-1 ¶ 3.) Further, Plaintiffs noted that they are willing to enter into a binding stipulation with Defendant that each Plaintiffs' damages are limited to an amount less than $75,000. (ECF No. 16 at 2.)

## IV. Legal Standard

"Removal of cases from state to federal courts is governed by 28 U.S.C. § 1441." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Pursuant to § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[4] 28 U.S.C. § 1441. Under the diversity-jurisdiction doctrine applicable here, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The procedures for removal of civil actions are found in 28 U.S.C. § 1446. Under § 1446, a defendant desiring to remove a civil action from state court to federal court shall file a notice of removal in the appropriate federal district court that contains "a short and plain statement of the

---

[4] "28 U.S.C. § 1441 is to be strictly construed against removal so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett*, 357 F.3d at 396 (citations omitted); *see A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)); *Morocco v. Hearst Stations, Inc.*, No. 2:16-CV-1083, 2016 WL 4447798, at *2 (W.D. Pa. Aug. 24, 2016).

5

grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). "Congress, by borrowing the familiar short and plain statement standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id.* (alterations in original) (citations and quotations omitted).

Following the filing of a notice of removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[5] *Id.* "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

V. Discussion

A. The Preponderance-of-the-Evidence Standard Governs this Case

The first issue before the Court is the appropriate standard to determine the amount in controversy in this matter.

Plaintiffs and Defendant rely on the legal-certainty standard in their briefing.[6] Under this standard, the amount of proof needed to determine the amount in controversy depends on

---

[5] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

[6] However, in its Notice of Removal, Defendant relies on the preponderance-of-the-evidence standard. (*See* ECF No. 1 ¶¶ 25, 33.)

6

whether "the plaintiff expressly limits her claim below the jurisdictional amount as a precise statement in the complaint." *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007). If the plaintiff expressly limits her claim, "the proponent of jurisdiction must show, to a legal certainty, that the amount in controversy *exceeds* the statutory threshold." *Id.; see Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006). If the plaintiff does not "specifically aver[] in the complaint that the amount in controversy is less than the jurisdictional minimum[,] . . . the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico*, 507 F.3d at 197. "In [these] cases, the *challenger* to subject matter jurisdiction ha[s] to prove, to a legal certainty, that the amount in controversy *could not exceed* the statutory threshold" in order for the court to remand the case to state court. *Id.* at 195; *see Dunfee v. Allstate Ins. Co.*, Civil Action No. 08-CV-01425, 2008 WL 2579799, at *5 (E.D. Pa. June 26, 2008).

While this standard was the previously applicable standard for determining the amount in controversy upon removal, the standard changed in 2011 when Congress enacted the Federal Court Jurisdiction and Venue Clarification Act (the "Act"), Pub. L. No. 112-63, 125 Stat. 758 (2011) (codified at, *inter alia*, 28 U.S.C. § 1446). This Act amended § 1446 so as to clarify the determination of the amount in controversy for federal jurisdiction purposes. *See, e.g., Dart*, 135 S. Ct. at 554 (stating that the Act "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged"); *Jesmar Energy, Inc. v. Range Res.—Appalachia, LLC*, Civil Action No. 17-928, 2017 WL 457256, at *3 (W.D. Pa. Oct. 13, 2017) (Lenihan, M.J.) (explaining that the Act "clarified the standard for satisfying the amount in controversy when a case is removed to federal court"). Under the amended § 1446:

7

(2) if removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> > (i) nonmonetary relief; or
> > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> 
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

The Supreme Court interpreted § 1446(c)(2) in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). In *Dart*, the Court explained:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. . . . Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. . . . If the plaintiff contests that defendant's allegation, § 1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision, added to § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA) clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. As the House Judiciary Committee Report on the JVCA observed:
> > "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies."

*Id.* at 553-54 (first and second alterations in original) (citations omitted).

Here, § 1446(c)(2) applies. Defendant seeks removal on the basis of diversity jurisdiction under § 1332(a). Therefore, the sum demanded in Plaintiffs' Complaint would be deemed the amount in controversy unless a § 1446(c)(2)(A) exception applies. *See* 28 U.S.C. § 1446(c)(2).

The first exception is not relevant, as Plaintiffs seek only monetary relief. *See* 28 U.S.C. § 1446(c)(2)(A)(i).

However, the second exception applies because Pennsylvania law does not allow a demand for a specific sum.[7] *See* Pa. R. Civ. P. 1021(b); *see also, e.g., Vizant Techs.,* Civil Action No. 14-6977, 2015 WL 500480, at *2 (E.D. Pa. Feb. 5, 2015) (stating that "Rule 1021(b) of the Pennsylvania Rules of Civil Procedure does not allow parties seeking unliquidated damages to 'claim any specific sum'"). Therefore, Defendant may assert the amount in controversy in its notice of removal. *See* 28 U.S.C. § 1446(c)(2)(A).

Because Plaintiffs contest Defendant's amount-in-controversy assertion, removal of this action is proper based on the amount in controversy asserted by Defendant in the notice of removal if the Court finds by the preponderance of the evidence that the amount in controversy exceeds $75,000.[8] *See* 28 U.S.C. § 1446(c)(2)(B); *see also, e.g., Karlberg v. Santander Bank, N.A.,* CIVIL

---

[7] Pennsylvania law requires a plaintiff in a county with compulsory arbitration to state whether the damages claimed exceed the amount triggering arbitration referral. *See* Pa. R. Civ. P. 1021(c). If complying with this requirement, as Plaintiffs did here, is a "demand for a specific sum" within § 1446(c)(2)(A)(ii), Pennsylvania law nevertheless permits recovery of damages in excess of the amount demanded. *See Vanden-Brand v. Port Auth.,* 936 A.2d 581, 582, 584 (Pa. Commw. Ct. 2007) (explaining that, in a case in which the plaintiff's complaint alleged that her damages were less than the $25,000 compulsory-arbitration limit, the plaintiff could receive a jury verdict in excess of $25,000 at a later trial on her arbitration appeal). Therefore, the second § 1446(c)(2)(A) exception applies in this case, regardless of whether Plaintiffs' demand for judgment "in an amount within the jurisdictional limits of a Board of Arbitrators of [the Common Pleas Court]" is a permissible demand for a specific sum.

[8] While some courts within the Third Circuit continue to apply the legal-certainty standard instead of the preponderance standard, *see, e.g., Pecko v. Allstate Ins. Co.,* CIVIL ACTION NO. 16-1988, 2016 WL 5239679, at *2 (E.D. Pa. Sept. 22, 2016); *Hodges v. Walgreens,* Civil Action No. 12-1162, 2012 WL 1439080, at *2-4 (E.D. Pa. Apr. 26, 2012), these cases are unpersuasive as they do not discuss the implications of the Act.

9

ACTION NO. 17-3561, 2017 WL 4810800, at *3-4 (E.D. Pa. Oct. 25, 2017) (describing the legal-certainty standard and the effects of the Act and applying the preponderance-of-the-evidence standard); *Congregation of Beth Israel v. Congregation of Eitz Chayim*, 3:16-cv-1671, 2017 WL 3392353, at *2-3 (M.D. Pa. Aug. 7, 2017) (describing and applying the preponderance-of-the-evidence standard); *Dorley v. Save-A-Lot*, CIVIL ACTION NO. 16-cv-04510, 2016 WL 6213074, at *2-4 (E.D. Pa. Oct. 25, 2016) (same); *Echevarria v. Schindler Elevator Corp.*, Civil Action No. 14-2411, 2015 WL 356942, at *1, *6 (E.D. Pa. Jan. 26, 2015) (applying the preponderance-of-the-evidence standard when the plaintiff's complaint demanded judgment "not in excess of $50,000"); *Brewer v. Geico*, Civil Action No. 13-1809, 2014 WL 241756, at *5 (W.D. Pa. Jan. 22, 2014) (Fischer, J.) (finding § 1446(c)(2)(A)(ii) satisfied when the plaintiff made a claim for damages in compliance with local rules on compulsory arbitration); *Heffner v. LifeStar Response of N.J., Inc.*, Civil Action No. 13-cv-00194, 2013 WL 5416164, at *4 (E.D. Pa. Sept. 27, 2013) (explaining that, when the plaintiff demanded damages in excess of $50,000, § 1446(c)(2)(A)(ii) was satisfied because the plaintiff sought a money judgment where state practice does not permit demand for a specific sum and proceeding to apply the preponderance-of-the-evidence standard).

### B. Defendant Has Not Established the Amount in Controversy by a Preponderance of the Evidence

As an initial matter, Defendant's Notice of Removal properly "contain[ed] a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a); *Dart*, 135 S. Ct. at 553-54. Defendant's Notice stated that the amount in controversy exceeds $75,000 and plausibly

---

Moreover, based on the language of § 1446(c)(2) and the Supreme Court's decision in *Dart*, the Court is persuaded that this provision sets the standard in the present case.

10

explained this allegation. However, because Plaintiffs challenged Defendant's amount-in-controversy allegation, the Court must now determine whether Defendant has shown that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B); *Dart*, 135 S. Ct. at 553-54.

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett*, 357 F.3d at 398. "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (alteration in original) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). "Moreover, estimations of the amounts recoverable must be realistic." *Samuel-Bassett*, 357 F.3d at 403. "The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id.*

In the Complaint, Robert Scaife seeks damages to compensate him for past and future "substantial medical expenses," "substantial pain, suffering, and inconvenience," loss of earnings and earning capacity, and emotional harm. (ECF No. 1-2 ¶ 43.) These damages stem from numerous serious injuries Robert Scaife allegedly suffered due to Defendant's negligence, including chemical burns to the throat, severe injury to the throat and esophagus, bronchitis, migraines, and severe injury to and pain in his respiratory system. (*Id.* ¶ 42.) Robert Scaife also seeks compensation for the loss of the society, comfort, and services of his spouse (*id.* ¶ 49) and punitive damages and fees (*id.* at 16, 18).

Diane Scaife seeks damages to compensate her for past and future "substantial medical expenses" and "substantial pain, suffering, and inconvenience." (*Id.* ¶ 46.) These damages stem

11

from numerous serious injuries Diane Scaife allegedly suffered due to Defendant's negligence, including severe injury to her sinuses, nasal passages, and face and severe injury to and pain in her throat. (*Id.* ¶ 45.) Diane Scaife also seeks damages for the loss of the society, comfort, and services of her spouse (*id.* ¶ 53) and punitive damages and attorney's fees (*id.* at 17, 19).

Finally, Robert Scaife, III, seeks damages to compensate him for past and future "substantial medical expenses" and "substantial pain, suffering, and inconvenience." (*Id.* ¶ 57.) These damages stem from numerous serious injuries he allegedly suffered due to Defendant's negligence, including severe injury to his sinuses, nasal passages, and face and severe injury to his throat, some of which may be permanent in nature. (*Id.* ¶ 56.) Robert Scaife, III, also seeks punitive damages and fees. (*Id.* at 20.)

Defendant focuses on the serious nature of Plaintiffs' alleged injuries, as well as the punitive-damages claims, to satisfy its obligations regarding the amount in controversy. (ECF No. 1 ¶¶ 28-33; ECF No. 13 at 2, 5-6.) Defendant asserts that juries in similar cases have awarded damages in excess of $75,000. (ECF No. 1 ¶ 31.) Defendant also contends that punitive-damages claims "generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." (*Id.* ¶ 32; ECF No. 13 at 6-7.) Further, Defendant speculates that even if each Plaintiff receives compensatory damages of only $7,501, a single-digit-multiplier punitive-damages award would put each Plaintiff's claims over the jurisdictional threshold. (ECF No. 13 at 7.) Finally, Defendant asserts that Plaintiffs' request for attorney's fees should be considered in calculating the amount in controversy. (*Id.*)

Plaintiffs argue that Defendant improperly relies on speculation and assumptions to meet the preponderance standard. (ECF No. 9 ¶ 17; ECF No. 10 at 6.) Further, Plaintiffs contend that because removal statutes should be strictly construed against removal, Plaintiffs' Motion to Remand should be granted. (ECF No. 9 ¶ 18 ECF No. 10 at 7.) Finally, Plaintiffs submit a declaration of their counsel indicating that they each request damages in an amount less than $75,000.[9] (ECF No. 16-1.)

The Court agrees with Plaintiffs that Defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 as to at least one Plaintiff's claims.[10]

Plaintiffs allege serious injuries as a result of Defendant's negligence. However, "'general statements' that the plaintiff[s] suffered severe injuries [does] not satisfy the burden of proof." *Stevenson v. Wal-Mart Stores, Inc.*, Civ. A. No. 14-4073, 2015 WL 158811, at *3 (E.D. Pa. Jan. 13, 2015).

Moreover, Defendant cites only one case to show the potential value of Plaintiffs' claims, *Adams v. CSX R.R.*, 90 So.2d 413 (La. Ct. App. 2005). This case is unpersuasive for multiple reasons. First, it was not decided under Pennsylvania law. *See Samuel-Bassett*, 357 F.3d at 398 (explaining that, in determining the amount in controversy, the court must "apply state law in converting the categories to monetary sums"). Second, although Defendant cites the *Adams* opinion for its list of jury awards to certain plaintiffs, the opinion does not indicate the types of

---

[9] Further, Plaintiffs indicated a willingness to enter into a binding stipulation with Defendant that the damages sought in the Complaint for each Plaintiff are limited to an amount less than $75,000. (ECF No. 16 at 2.)

[10] If one Plaintiff met the amount-in-controversy requirement, the Court could exercise supplemental jurisdiction over the other Plaintiffs' claims. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566 (2005).

13

injuries suffered by those plaintiffs. The Court thus cannot compare the injuries in *Adams* to the alleged injuries in this case to determine the potential damages. Third, only one of the twenty plaintiffs in *Adams* received an award in excess of $75,000. Therefore, even assuming the injuries suffered by the *Adams* plaintiffs were similar to Plaintiffs' injuries in this case, *Adams* does not wholly support Defendant's position that the amount in controversy exceeds $75,000 here.

Further, in terms of Defendant's punitive-damages argument, Defendant relies on *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004), *abrogated on other grounds by Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220 (3d Cir. 2008), for the proposition that "[a] request for punitive damages will generally satisfy the amount in controversy requirement." (ECF No. 13 at 6 (quoting *Golden*, 382 F.3d at 355).) However, *Golden* is distinguishable from the present case in that the *Golden* plaintiffs filed their case in federal court based on diversity jurisdiction; removal was not at issue. *See Morgan*, 471 F.3d at 475; *Heffner*, 2013 WL 5416164, at *6 (explaining that in *Golden*, the Third Circuit was addressing the standard when the amount in controversy is challenged in a suit filed in federal court, not a suit removed to federal court); *Brewer*, 2014 WL 241756, at *6 (noting that the punitive-damages rule articulated in *Golden* "applies only where the burden of proving legal certainty falls on the plaintiff"). Thus, in *Golden*, the Third Circuit applied a standard that is not comparable to the present case. *See Brewer*, 2014 WL 241756, at *6.

Finally, while a demand for attorney's fees is properly considered when determining the amount in controversy, Defendant has provided no evidence or even allegation as to the potential value of any attorney's fees award, leaving this Court to speculate on the potential attorney's fees. *See Brewer*, 2014 WL 241756, at *6 (granting a motion to remand because, in part, the defendant "ha[d] put forth no evidence or averments regarding . . . [the p]laintiff's counsel's hourly rates or

14

the potential attorney's fees that may have accumulated"). "If this Court has to 'guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point.'" *Vizant*, 2015 WL 500480, at *3 (quoting *Stevenson*, 2015 WL 158811, at *3).

In conclusion, strictly construing the removal statute and resolving doubts in favor of remand, *see Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)); *Echevarria*, 2015 WL 356942, at *6, the Court will grant Plaintiffs' Motion to Remand because Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence.[11] "The amount in controversy [in this case] may well exceed $75,000, as Plaintiff[s] [are] alleging a litany of boilerplate damages and apparently suffered fairly serious injuries. But Defendant has not established a sufficient basis to permit [the Court] to make that determination by a preponderance of the evidence."[12] *Cardillo v. Wal-Mart Stores, Inc.*, 2:14-cv-01586, at 4 (W.D. Pa. Nov. 21, 2014).

### C. The Court Will Not Award Attorney's Fees to Plaintiffs

In addition to requesting that this case be remanded to the Common Pleas Court, Plaintiffs also request attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (ECF No. 9 at 4; ECF No. 10 at 8.)

Under § 1447(c), if a court grants a motion to remand, the court may require payment of

---

[11] Jurisdictional discovery and/or an evidentiary hearing could have assisted Defendant in meeting its burden in this case. *See Dart*, 135 S. Ct. at 554 (quoting the House Judiciary Committee Report on the Act, which explained that discovery may be taken on whether the jurisdictional threshold has been met); *Heffner*, 2013 WL 5416164, at *7 (granting the plaintiff's motion to remand and noting that the defendant did not request limited jurisdictional discovery). However, Defendant did not request discovery or a hearing, and the Court will not order discovery or a hearing *sua sponte*.

[12] Furthermore, even if the legal-certainty standard discussed *supra* applies, the Court would still grant Plaintiffs' Motion to Remand because Defendant has not met its burden of establishing to a legal certainty that at least one of Plaintiffs' damages exceed $75,000. *See, e.g., Dunfee*, 2008 WL 2579799, at *5-7.

15

just costs and actual expenses, including attorney's fees, incurred as a result of the removal. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales . . . ." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Here, the Court cannot say that Defendant lacked an objectively reasonable basis for removing this lawsuit. Defendant advanced colorable arguments that the removal of this action was appropriate. Accordingly, the Court will deny Plaintiffs' request for attorney's fees and costs.

## VI. Conclusion

In accordance with the foregoing, the Court will grant Plaintiffs' Motion to Remand but will deny Plaintiffs' request for costs and fees pursuant to § 1447(c).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SCAIFE, *husband*, DIANE SCAIFE, *wife*, ROBERT SCAIFE, III, | ) ) ) ) | Case No. 3:19-cv-60 |
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| CSX TRANSPORTATION, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

NOW, this 25th day of July, 2019, upon consideration of Plaintiffs Robert Scaife, Diane Scaife, and Robert Scaife, III's Motion to Remand (ECF No. 9), and for the reasons set forth in the foregoing Memorandum Opinion, it is **HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' request to remand this action to the Bedford County Court of Common Pleas is **GRANTED**. Plaintiffs' request for costs and attorney's fees incurred as a result of removal is **DENIED**. Accordingly, this action is **HEREBY REMANDED** to the Bedford County Court of Common Pleas.

The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE